MICHAEL LANGAN, Respondent, *v.* St. LOUIS, IRON MOUN-TAIN, AND SOUTHERN RAILWAY COMPANY, Appellant.

### February 19, 1878.

The negligence of a railroad company's servants in not ringing the bell of the locomotive at a point at which the law requires that it be done, and at which plaintiff was injured by being run over by the locomotive, it not appearing that there was any negligence in not stopping the train before the collision, will not authorize the recovery of damages for such injury, when the proximate cause of the injury appears to be plaintiff's negligence in standing near the track, with his back to the locomotive, in such a position as to be liable to be struck by it, at a moment when he was expecting the train and knew that it was about to arrive, when, had he listened, he could have heard the whistle of the locomotive, which had sounded but a moment before, and when, had he looked, he could have seen the train for the distance of half a mile from the point of the accident.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

THOROUGHMAN & WARREN, for appellant: Plaintiff cannot recover on the ground of other negligence than that he averred. — *Buffington* v. *Railroad Co.*, 64 Mo. 246 ; *Leduke* v. *Railroad Co.*, 4 Mo. 485. Where the proximate cause of the injury is the negligence of plaintiff, he cannot recover. — *Maher* v. *Railroad Co.*, 64 Mo. 275 ; *Railroad Co.* v. *Houston*, Ch. Leg. N., Jan. 7, 1878 ; *Fletcher* v. *Railroad Co.*, 64 Mo. 484 ; *Harlan* v. *Railroad Co.*, 64 Mo. 480 ; *Astentag* v. *Railroad Co.*, 64 Mo. 421. An instruction which assumes a disputed fact in issue to be true is erroneous. — *Merritt* v. *Given*, 34 Mo. 98 ; *Turner* v. *Loler*, 34 Mo. 461 ; *Moffatt* v. *Conklin*, 35 Mo. 453 ; *Sawyer* v. *Railroad Co.*, 37 Mo. 240 ; *Barr* v. *Armstrong*, 56 Mo. 589 ; *Caldwell* v. *Stephens*, 57 Mo. 595.

MARTIN & LACKLAND, for respondent: The question of negligence is one of fact to be submitted to a jury, and an appellate court will not weigh the testimony. — *Brown* v. *Railroad Co.*, 50 Mo. 461 ; *Hulsenkamp* v. *Railroad Co.*, 37 Mo. 540 ; *Morrissey* v. *Wiggins Ferry Co.*, 47 Mo. 523 ; *Boynton* v. *Miller*, 63 Mo. 207.

Bakewell, J., delivered the opinion of the court.

This is an action for damages. The petition alleges that the employees of defendant failed to give the proper signal of the arrival of a locomotive at a station of defendant's railway, by reason of which defendant was run over by the locomotive and lost his leg. The answer sets up contributory negligence, and pleads a release, and denies the material allegations of the petition. There was a verdict and judgment for $5,000; and defendant appeals.

It is contended by appellant that there is a total absence of any evidence' to support the verdict. The testimony of plaintiff, and of eye-witnesses of the occurrence upon which the action is founded, introduced by plaintiff, is to the following effect: On Aug. 22, 1872, plaintiff was, and for some years previously had been, engaged as a workman in a rolling-mill in Carondelet, in the immediate vicinity of a station called the Docks Station, on defendant's road. From this station the road runs south, without a curve for a distance of about one-third of a mile. The bridge over the Des Peres is about half a mile below the docks, and almost immediately after crossing this bridge, a locomotive coming north can be seen from the Docks Station. The Docks Station is at the south-east corner of the railroad and Marceau Street. On the day of the accident, there was nothing whatever to obstruct the view for a full third of a mile along the track, looking south from the docks. At the station there are two platforms, — one, an elevated platform on the east side of the railroad, where the ticket-office is; and the other, lying between the two tracks of the road. This latter seems to have been merely such a collection of planks as is laid between the rails at a crossing, to facilitate the passage of wagons. It was about on a level with the tracks between which it lay, but uneven; slightly above the rails in some places, and a little below them at other points. It extended from the Marceau-Street crossing, south about eighty yards, and was about five feet wide. On the morning of Aug. 22, the date of the occurrence, plaintiff went

to the Docks Station with a fellow-workman, who was about
to leave on the train going north, which was due at the
docks at fifteen minutes past eight o'clock. Plaintiff went
to see his friend off, and to help him to carry his trunk. In
order to reach the expected train, it was necessary to get
over the platform between the two tracks, because the train
going north was coming on the western track. The state-
ment of plaintiff is, that, at the moment when his friend and
himself started from the eastern platform to cross the track
to the middle platform, a locomotive with a train of cars
attached was approaching slowly from the north, along the
eastern track. The two men were carrying a trunk between
them, and plaintiff had his eye upon the locomotive on the
eastern track, which was ringing its bell. When they
reached the middle platform, the plaintiff's back was towards
the south ; he did not hear the approach of the locomotive on
the western track, coming north, and was struck by the
bumper of the engine ; he caught hold of the cow-catcher
with one hand, and was thrown down with his leg across
the track ; the driving-wheel passed over his leg. The tes-
timony of plaintiff and of all his witnesses is, that the bell
of the locomotive which ran over plaintiff was not rung, nor
was its whistle sounded, from the time it reached the bridge
over the Des Peres until after the accident. The train was
going, at the moment plaintiff was struck, somewhat faster
than a man can walk, at a speed which would allow of its
being safely boarded from the platform. When plaintiff was
struck, the whistle was sounded twice, and the train was
stopped. Plaintiff was dragged nine or ten yards, and was
still under the locomotive when it came to a stand-still.
One of plaintiff's witnesses says that plaintiff had reached
the middle of the platform, and had set down the trunk be-
fore the accident, and was walking on the platform, with his
back to the locomotive, when he was struck. Another of
his witnesses says that plaintiff had set down the trunk, and
was taking it up again when the accident occurred. The
witnesses for plaintiff were all looking out for the train

·coming north on the western track. They testify that they heard the locomotive of this train whistle just before it reached the bridge over the River Des Peres; that persons ·on both platforms remarked to each other that the train was ·coming; that the train was in full view for a distance of from ·a quarter to half a mile before it reached the station where the accident occurred. As the bell was not rung and the whistle not sounded after leaving the bridge, and as the ·train was coming at something more than·the usual speed when approaching a depot, some of the witnesses thought the train would not stop at the station. Plaintiff was not .at all deaf, and his eyesight was good. The weather was fine, and it was broad daylight.

The evidence for plaintiff clearly shows that defendant's :servants in charge of the locomotive were guilty of negligence in not ringing and whistling on approaching the :station. It is true that the testimony of the witnesses for ·defendant directly contradicts these statements; but with that we have nothing to do. The question of the weight of the evidence was for the jury; and for the purposes of this ·case it must be conceded that the defendant was negligent; .and if the negligence of the defendant were the only question in the case, this verdict must stand. But the law is mot so. Though the law requires that the bell of a loco-·motive be sounded at certain points, yet one is not justified for that reason in disregarding proper precautions on his :part. One would not be held blameless, for instance, in planting himself on a railroad track, with the determination mot to move until he hears the bell ring; and if he should be hurt in such an experiment, he could recover no damages ·from the railroad company, because his own negligence, in ·that case, contributed directly to his injury. The proximate cause of the injury, in such case, would be the obstinacy and stupidity and recklessness of plaintiff, and not ·the omission of defendant to give a proper signal or to use proper care to stop the train before reaching plaintiff. In ·the case at bar, it is not pretended that plaintiff was stand-

ing on defendant's track; his witnesses state that he was standing on the platform. It is not pretended that he was in such a position that the engineer could have stopped the train before he was struck, or was guilty of any negligence in not doing so. The plaintiff grounded his action upon the negligence of defendant in not giving the proper signals, and could recover only for an injury resulting from this negligence. He proved the negligence as alleged, and the injury as alleged; but he also shows that the immediate cause of the accident was his own negligence in standing on the platform at a moment when he knew that a train was about to arrive, in such proximity to the track and in such a position that he was liable to be struck by the buffer of the locomotive. Waiving all questions of pleading in this case, there is no evidence that the engineer or fireman saw plaintiff until the very instant that he was struck, or that they were guilty of negligence in not seeing him, or in not stopping the train. It was a much easier matter for him to see the train than it would be for the engineer to see, in time to stop the train, that one on the platform was standing so near the track as to be liable to be struck by the buffer. There was no case for a jury. Had an instruction for a nonsuit been asked at the close of the plaintiff's case, it should have been given; and, however unexceptionable the instructions may have been, the judgment must be reversed for want of evidence to support the verdict. It is not necessary to examine the instructions, and we have not done so. The evidence shows, without contradiction, that the proximate cause of the accident was the negligence of plaintiff himself; and the judgment must be reversed on familiar principles of law, frequently declared by the Supreme Court of our own State, and recently discussed with some fulness by this court in the case of *Leduke* v. *Railroad Co.* (4 Mo. App. 485). *Maher* v. *Railroad Co.*, 64 Mo. 267.

With the concurrence of all the judges, the judgment is reversed and the cause remanded.